■ In the Matter of LEWIS Y., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; ALFRED V., Appellant, et al., Respondent. [740 NYS2d 633] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Richmond County (Clark, J.), dated April 15, 1997, as, upon a fact-finding order of the same court, dated December 2, 1996, determined that he had neglected his child Lewis Y. The appeal brings up for review the fact-finding order of December 2, 1996.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Although the order of disposition has expired, the adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the father's status in potential future proceedings. Therefore, the appeal is not academic (see Matter of Sidney S., 292 AD2d 534; Matter of H. Children, 156 AD2d 520).

The evidence adduced at the fact-finding hearing established that the child's mother suffered from paranoid schizophrenia, and that she reported hearing voices before his birth which instructed her to eat the child. The mother's treating psychiatrist testified that she had a history of failing to comply with her medication schedule, and that even when taking her medi-

cations she was susceptible to "break-through hallucinations." The father lived with the child's mother, and his testimony at the hearing made it clear that he was either unwilling or unable to recognize the danger that she posed.

This evidence was sufficient to prove by a preponderance of the evidence that the child was neglected under Family Court Act § 1012 (f) (i) (B) (*see Matter of K. Children,* 253 AD2d 764, 765 [father failed to exercise minimum degree of care in ensuring that mother did not abuse drugs during pregnancy]; *Matter of Jose Y.,* 177 AD2d 580, 581 [record established a "failure of parental supervision and control to such a degree that there should be a finding of neglect" where mother should have observed "objective signals" of sexual abuse and taken action to protect against continued abuse]).

The father's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.