■ In the Matter of ERICA B. and Another, Children Alleged to be Neglected. QUENTIN B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [912 NYS2d 195]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 30, 2009, which, to the extent appealed from as limited by the briefs, determined, after a fact-finding hearing, that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about May 27, 2009, which, upon a fact-finding of neglect, inter alia, placed the children in foster care with the Administration for Children's Services, unanimously dismissed, without costs, as abandoned.

The father contends that the court lacked jurisdiction over him because he did not have custody of the children and was barred from contact with them by an order of protection. However, in determining jurisdiction of the Family Court under Family Court Act article 10, the child need not currently be in the care or custody of the respondent, if the court otherwise has jurisdiction over the matter (*see* Family Ct Act § 1013 [d]). A respondent in a neglect proceeding includes any parent or other person legally responsible for the child's care (*see* Family Ct Act § 1012 [a]). A parent may not avoid his responsibilities to his children merely because they are not in his custody (*see Matter of Brent HH.*, 309 AD2d 1016, 1017 [2003], *lv denied* 1 NY3d 506 [2004]).

The court properly concluded that the father was aware that the mother was not properly caring for the children based on his testimony that he traveled to Puerto Rico to get one of the children when he was informed that the child was not attending school for a couple of months, and based on the children's testimony that he was present when they visited their paternal grandparent. Neglect may include the failure to properly supervise by unreasonably allowing harm to be inflicted on a child (*see Matter of Alena O.*, 220 AD2d 358, 361 [1995]). The fact that the father was barred from contact with the children did not relieve him of his parental duties. Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.