■ In the Matter of AMBER GOLD J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VANESSA J. et al., Appellants. [931 NYS2d 669]—

Although the subject child was returned to the care and custody of the parents while the appeal was pending, since the adjudication of neglect " 'constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings,' " the parents' respective appeals from the order of fact-finding are not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011], quoting *Matter of Daqwuan G.*, 29 AD3d 694, 695 [2006]; *see Matter of Alanie H.*, 83 AD3d 1066, 1067 [2011]; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015, 1016 [2010]). Where the Family Court is confronted primarily with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Andrew B. [Deborah B.]*, 73 AD3d 1036 [2010]; *Matter of Faith J.*, 47 AD3d 630 [2008]; *Matter of Michael M.*, 39 AD3d 550 [2007]; *Matter of Angel Marie L.*, 5 AD3d 773, 774 [2004]).

The finding of neglect against the mother was supported by a preponderance of the evidence which demonstrated that the subject child's physical, mental, or emotional condition was impaired or was in imminent danger of becoming impaired as a result of the mother's paranoid behavior and mental illness (*see* Family Ct Act § 1012 [f]; *Matter of Andrew B. [Deborah B.]*, 73 AD3d at 1036-1037; *Matter of Faith J.*, 47 AD3d 630 [2008]; *Matter of Mollye S.*, 28 AD3d 487, 487-488 [2006]; *Matter of Angel Marie L.*, 5 AD3d at 773-774). In addition, the evidence demonstrated that the father knew or should have known about the mother's behavior and mental illness, and he failed to take necessary steps to protect the subject child (*see Matter of Miyani M. [George T.]*, 4 AD3d 430, 431 [2004]; *Matter of Lewis Y.*, 293 AD2d 684, 684 [2002]).

The mother's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.