In the Matter of ETHAN A.H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DARYL D., Appellant, et al. Respondent. [4 NYS3d 303]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated July 9, 2013, and (2) stated portions of an order of disposition of that court, also dated July 9, 2013. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, among other things, continued the placement of the subject child in the custody of the Commissioner of Social Services of Kings County.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In a proceeding pursuant to Family Court Act article 10, a respondent must be a "parent or other person legally responsible for a child's care" (Family Ct Act § 1012 [a]). Daryl D., who does not dispute that he is the subject child's biological father, is a "parent" of the subject child, and thus, he was properly named as a respondent in this proceeding (see Family Ct Act § 1012 [a], [g]; Matter of Heyden Y. [Miranda W.], 119 AD3d 1012 [2014]; Matter of Erica B. [Quentin B.], 79 AD3d 415 [2010]).

The evidence adduced at the fact-finding hearing demonstrated that, although Daryl D. knew the mother suffered from a mental illness that placed the subject child in actual or imminent risk of harm, he failed to take the necessary steps to protect the child (see Matter of Amber Gold J. [Vanessa J.], 88 AD3d 1001 [2011]; Matter of Joseph Benjamin P. [Allen P.], 81 AD3d 415, 416 [2011]; Matter of Miyani M. [George T.], 4 AD3d 430, 431 [2004]). This evidence was sufficient to prove, by a preponderance of the evidence, that Daryl D. neglected the subject child (see Family Court Act §§ 1012 [f] [i] [A]; 1046 [b] [i]; Matter of Afton C. [James C.], 17 NY3d 1, 10 [2011]; Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.