*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 3, 2015                    519601
_____

In the Matter of EMMETT RR.
    and Another, Alleged to be
    Neglected Children.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                        Respondent;

SCOTT RR.,
                        Appellant.
_____


Calendar Date:   October 20, 2015

Before:   Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____


        Marshall Nadan, Kingston, for appellant.

        Jesse D. Mernin, Ulster County Department of Social
Services, Kingston, for respondent.

        Tracey Brown, Delmar, attorney for the children.

_____


Garry, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered August 11, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 10, to adjudicate respondent's children to be
neglected.

        Respondent is the father of two children, a son (born in
2001) and a daughter (born in 2005).  On a morning in January
2014, respondent drove his son to the bus stop.  After dropping

off the son, he proceeded to drive his daughter to school.  At approximately 8:00 a.m., while conducting an unrelated traffic stop, State Trooper William D'Alessandro was notified by two passing motorists that a gray Jeep that was traveling in front of them was "all over the road."  Looking down the road, D'Alessandro observed respondent's vehicle — matching the motorists' description — swerve into the oncoming lane of travel in front of an approaching dump truck.  After initiating a traffic stop and speaking with respondent, D'Alessandro detected the odor of alcohol emanating from inside the vehicle and observed the daughter in the front seat.  He called for a backup officer and then administered four field sobriety tests, all of which respondent failed.  Respondent advised D'Alessandro that he had consumed three or four beers the previous night.  Approximately an hour and a half after the initiation of the stop, a second state trooper arrived on the scene to take over the investigation.  D'Alessandro issued four tickets to respondent for various traffic infractions, but he was not ultimately arrested or ticketed for any alcohol-related infractions.[1]

Later that day, caseworkers for petitioner interviewed respondent and the two children and obtained a temporary order of protection upon respondent's consent requiring, among other things, that respondent not possess or consume alcohol prior to or during his custodial time with the children.  Petitioner thereafter commenced this proceeding seeking a determination that respondent had neglected the children.  Following a fact-finding hearing, Family Court adjudicated the children to be neglected and entered a temporary order of disposition pending the outcome of related custody and visitation proceedings.  Respondent appeals.

To support a finding of neglect, petitioner was required to demonstrate by a preponderance of the evidence that the children's "physical, mental or emotional condition has been

---

[1]  The second trooper did not testify at the hearing and the results of a breathalyzer test apparently administered by the second trooper were not introduced into evidence.

impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for [the child's] care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; see Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015], lv denied 26 NY3d 905 [2015]).  A finding of neglect may be based upon a showing that a child was placed in an imminent risk of harm that is "near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]), and a single such incident may be sufficient to constitute neglect (see Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1199 [2014]).  When determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is "whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks, brackets and citation omitted]).

Here, we reject respondent's contention that the evidence was inadequate.  The evidence before Family Court included D'Alessandro's testimony that he observed respondent swerve into the oncoming lane into the path of a dump truck, that he detected the odor of alcohol inside respondent's vehicle, and that respondent admitted that "he had three to four beers the night before."  D'Alessandro also testified that respondent failed four field sobriety tests and that, based upon his observations of respondent, he believed that respondent was impaired by alcohol. Additionally, two caseworkers for petitioner testified about their interviews with the children, in which they confirmed that respondent had been driving erratically and in a manner that had scared them.  One of the caseworkers also testified that respondent acknowledged that he had been drinking beer after midnight in the early morning hours and that he had been up late working.  Respondent's failure to testify at the hearing allowed Family Court to draw the strongest possible inference against him that the evidence would allow (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1014 [2014]).  In view of the evidence adduced, and according appropriate deference to Family Court's credibility determinations (see Matter of Blaize F., 50 AD3d 1182, 1184 [2008]), we find a sound and substantial basis for the court's finding that respondent neglected the

subject children by driving in a reckless manner while impaired by alcohol and while the children were passengers in the car (see Matter of Darcy Y. [Christopher Z.], 103 AD3d 955, 957 [2013]; Matter of Bianca P. [Theodore A.P.], 94 AD3d 1126, 1126-1127 [2012]; Matter of Megan G., 291 AD2d 636, 639 [2002]; see also Matter of Draven I. [Jenlyn I.], 86 AD3d 746, 747 [2011]).

Peters, P.J., Lahtinen and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court