## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 7, 2016                518986
_____

In the Matter of MARCUS JJ.
    and Another, Alleged to be
    Neglected Children.

CHEMUNG COUNTY DEPARTMENT OF             MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

ROBIN JJ.,
                    Appellant.
_____

Calendar Date:   November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

        A.L. Beth O'Connor, Cortland, for appellant.

        Donald S. Thomspon, Chemung County Department of Social
Services, Elmira, for respondent.

        Ingrid Olsen-Tjensvold, Ithaca, attorney for the child.

        Donna C. Chin, Ithaca, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of Chemung County
(Brockway, J.), entered May 1, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate respondent's children to be neglected.

        Respondent is the mother of two sons, born in 1998 and
2002.  Since May 2012, respondent has been involved with child

protective services and her ability to supervise her children has been called into question. After being adjudicated juvenile delinquents in 2013 as the result of burglarizing a school, both children were subsequently removed from respondent's custody pursuant to Family Ct Act article 3 and placed at a group home as juveniles released under supervision. Respondent was allowed unsupervised visits with the children until September 2013, when she submitted a urine screen that tested positive for cocaine, at which point all subsequent visits with the children were supervised. Based in part on these facts, as well as upon allegations that respondent exposed the children to domestic violence, petitioner commenced this proceeding in November 2013, seeking an adjudication of neglect for both children.[1] Following the fact-finding and dispositional hearings, Family Court determined that the children were neglected, placed the younger son with his maternal grandmother and ordered that the older son remain in the group home. Respondent now appeals and we affirm.

Initially, we find no merit in respondent's contention that she was not a "person legally responsible" for the children pursuant to Family Ct Act § 1012 (g) because she did not have custody of her children at the time the alleged neglect occurred. As the children's biological mother, respondent "meets the statutory requirement that a respondent in a Family Ct Act article 10 proceeding be either a 'parent or other person legally responsible for a child's care'" (Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1012 [2014], quoting Family Ct Act § 1012 [a] [emphasis added]). As such, she is a proper party, "without regard to whether she was also a '[p]erson legally responsible' for the child's care at the pertinent time" (Matter of Heyden Y. [Miranda W.], 119 AD3d at 1012, quoting Family Ct Act § 1012 [g]; see Matter of Erica B. [Quentin B.], 79 AD3d 415, 415 [2010], lv denied 16 NY3d 703 [2011]; see also Family Ct Act § 1013 [d]).

Turning to the merits, we find no basis upon which to disturb Family Court's finding of neglect. A finding of neglect will be sustained if petitioner demonstrated, by a preponderance

_____

[1] A supplemental petition setting forth the same substantive allegations was filed by petitioner in March 2014.

of evidence, that the child's physical, mental or emotional condition was harmed or is in imminent danger of such harm as a result of the parent's failure to exercise a minimum degree of care that a reasonably prudent person would have used under the circumstances (see Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1268 [2015]; Matter of Heyden Y. [Miranda W.], 119 AD3d at 1013).  In this regard, "[t]here are two prongs: actual or imminent danger, and failure to exercise a minimum degree of care" (Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015], lv denied 26 NY3d 905 [2015]).  As relevant here, impairment of a child's mental or emotional condition includes "acting out or misbehavior, including incorrigibility, ungovernability or habitual truancy," so long as the impairment is "clearly attributable to the unwillingness or inability of the respondent to exercise a minimum degree of care toward the child" (Family Ct Act § 1012 [h]; see Nicholson v Scoppetta, 3 NY3d 357, 369-370 [2004]).

In reaching its decision, Family Court properly relied on the testimony of petitioner's witnesses — Susan Moore, a caseworker for the Chemung County Child Protective Unit, Erica Bales, a social worker at the group home where the children were placed, Nicole Tondryk, a child-care worker with William George Agency, and Cory Burns, one of petitioner's caseworkers.  Their testimony established that respondent was often irate, yelled and used profanities during meetings with the children and caseworkers and, on multiple occasions, the children had to be removed from these meetings because of respondent's behavior. Bales and Burns stated that the children would "mirror" respondent's behavior and use the same inappropriate language toward employees at the group home.  According to Tondryk and Burns, respondent also directed horrible insults toward her older son, told him everything was his fault and verbally and physically threatened him during a supervised home visit. Respondent admitted to having hit the older son in the mouth during a visit which, according to Tondryk, caused the child to become upset to the point of having to be restrained.  It was also established that respondent tested positive for cocaine in September 2013 and, thereafter, she refused to undergo any more drug tests even though she knew she would not be able to have unsupervised visits with her children until her drug tests were

negative.  Thus, giving due deference to Family Court's findings of fact and its determinations of the witnesses' credibility, Family Court's finding of neglect is supported by the record (see Family Ct Act § 1012 [h]; Matter of Kasiana UU. [Ricki TT.], 129 AD3d 1150, 1151-1152 [2015]; Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1258 [2012]).

Further, the evidence at the fact-finding hearing revealed that respondent's paramour physically abused her on multiple occasions and that the children's well-being was endangered as a result.  Although respondent denied that her children ever witnessed the incidents of domestic violence, testimony from Moore and Burns revealed not only that the children had witnessed them, but that they were upset by them and were afraid of respondent's paramour.[2]  Despite being told that she should not allow this man to be around the children, respondent nonetheless brought him to a meeting with her children at the group home and the older son said that the paramour was at respondent's home during one of their supervised visits, a fact that respondent denied.  According deference to Family Court's assessment finding respondent's testimony incredible, "there is sound and substantial support in the record of the child[ren]'s exposure to domestic violence as an additional basis for the finding of neglect" (Matter of Madison PP. [Tina QQ.], 88 AD3d 1102, 1103 [2011], lv denied 18 NY3d 802 [2011]; see Matter of Armani KK. [Deborah KK.], 81 AD3d 1001, 1002 [2011], lvs denied 16 NY3d 711, 712 [2011]; Matter of Xavier II., 58 AD3d 898, 899 [2009]).  Thus, Family Court's order must be affirmed.

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.

---

[2]  While much of the evidence regarding the domestic violence was in the form of hearsay statements made by the children, these statements, as Family Court expressly found, were sufficiently corroborated by the other witnesses, and Family Court did not err in considering them (see Matter of Dakota CC. [Arthur CC.], 78 AD3d 1430, 1430 [2010]; Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1206 [2010]).

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court