*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016          521076
                                                521189

_____

In the Matter of CORI XX.,
    Alleged to be a Neglected
    Child.

OTSEGO COUNTY DEPARTMENT OF                 MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

MICHAEL XX.,
                    Appellant.

_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Steven Ratner, Otsego County Department of Social Services,
Cooperstown, for Otsego County Department of Social Services,
respondent.

        Christine A. McCue, Central Bridge, attorney for the child.

        Monica A. Carrascoso, Cooperstown, for Katherine XX.

_____

Lynch, J.

        Appeals from two orders of the Family Court of Otsego
County (Burns, J.), entered May 4, 2015 and May 26, 2015, which
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 10, to adjudicate respondent's child to be
neglected.

Respondent is the father of a daughter (born in 2000).  In June 2014, petitioner filed a neglect petition resulting from a March 7, 2014 domestic dispute.  After a fact-finding hearing, Family Court found that respondent was not credible, that he engaged in conduct that created an unreasonable risk of harm to the child and adjudged the child to be neglected by respondent.  At the dispositional hearing, respondent consented to the continued placement of the child with the child's mother, coupled with therapeutic visitation for respondent.  Family Court issued an order to that effect.  Respondent now appeals from both the finding of neglect and the dispostional order.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or the caretaker to exercise a minium degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [internal citation omitted]; see Matter of Alyssa OO. [Andrew PP.], 68 AD3d 1158, 1159 [2009]).  A single incident may constitute neglect (see Matter of Emmett RR. [Scott RR.], 134 AD3d 1189, 1191 [2015]).  "When determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (id. [internal quotation marks and citation omitted]; see Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1199-1200 [2014]).  "Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Trimble v Trimble, 125 AD3d 1153, 1154 [2015] [internal quotation marks and citation omitted]).

In our view, there was a sound and substantial basis in the record for Family Court to conclude that respondent's acts of domestic violence on March 7, 2014 constituted neglect.  In her testimony, the child's mother described a harrowing scene in their home, during which respondent, who had been drinking, berated her for several hours.  The argument escalated into a

physical altercation, during which respondent tried to rape her, struck her repeatedly in the head and poured wine over her. Up to this point, the child had been in her bedroom at the other end of the mobile home. The mother ran to the child's room, followed by respondent, and asked the child to call 911. Respondent interceded by grabbing the child's hand and shoving her against the wall, taking away the phone. Both the mother and the child ran outside the home, pursued by respondent who grabbed the mother by the hair and tried to drag her back. Respondent then chased the child, who ran back into the home through the front door, out through the back door and across the lawn to a neighbor's house. The mother joined her there and was able to call the police; respondent left in his truck and was later arrested. The mother sought medical treatment and was diagnosed with a concussion.

Petitioner's caseworker testified that she interviewed the child, whose description of the event comported with the mother's. The child also explained that, once they were outside, she could hear her mother "whimpering" as she struggled with respondent. The child also reported that this was the first time that she had seen a fight between her mother and respondent become physical, that she was scared and crying during the incident and that she had bruising on her wrists in the area where respondent had grabbed her as she tried to make the telephone call.

While respondent gave a vastly different version of the event, exonerating his own actions, Family Court deemed his testimony less than credible. In so holding, Family Court duly noted respondent's disdainful demeanor and attitude during the course of the fact-finding hearing. Although respondent argues on appeal that Family Court did not give sufficient weight to his testimony, we defer to Family Court's assessments with regard to credibility of the witnesses and the reliability of the corroborative evidence (see Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1240 [2016]). Further, the evidence demonstrating that the child suffered bruising, was frightened and forced to flee from her home was unquestionably sufficient to support Family Court's finding of neglect (see Matter of Michael WW., 20

AD3d 609, 611-612 [2005]; Matter of Tami G., 209 AD2d 869, 870 [1994], lv denied 85 NY2d 804 [1995]).

Finally, we are unpersuaded by respondent's contention that he did not receive the effective assistance of counsel. Respondent's argument is keyed into counsel's purported failure to ascertain whether the caseworker had a conflict of interest. As Family Court duly noted, however, the fact that the caseworker graduated from high school with the mother's older daughter 15 years earlier, does not, without more, present a conflict of interest. As for the receipt into evidence of the caseworker's notes, respondent's counsel requested – and Family Court agreed – to review only the notes of interviews with family members, and we discern no basis to find that the court did not honor this request. Counsel conducted thorough direct and cross-examinations and asserted appropriate objections during the fact-finding hearing. Under the circumstances, and viewing the record as a whole, we find that respondent received meaningful representation and did not suffer any prejudice as a result of counsel's performance (see Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224 [2015]; Matter of Robinson v Bick, 123 AD3d 1242, 1243 [2014]).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ORDERED that the orders are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court