*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017          522768
_____

In the Matter of CAMERON O.
    and Others, Alleged to be
    Neglected Children.

OTSEGO COUNTY DEPARTMENT OF                 MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

SCOTT O.,
                    Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:  January 18, 2017

Before:  McCarthy, J.P., Lynch, Devine and Mulvey, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Susan M. Lettis, Otsego County Department of Social
Services, Cooperstown, for respondent.

        William Koslosky, Utica, attorney for the child.

        Dennis B. Laughlin, Cherry Valley, attorney for the
children.

_____


Mulvey, J.

        Appeal from an order of the Family Court of Otsego County
(Lambert, J.), entered September 18, 2015, which, among other
things, granted petitioner's application, in a proceeding

pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of four sons (born in 2005, 2012, 2013 and 2014). In November 2014, respondent was at home with his children. While two children were upstairs in bed and the other two were in the living room, a canister of butane exploded in the kitchen causing severe burns to respondent and significant damage to the home. None of the children were injured. Following an investigation, petitioner commenced this neglect proceeding against respondent. After a fact-finding hearing, Family Court found that respondent's use of butane, in close proximity to a high heat source, created a dangerous circumstance and that the children's physical, mental or emotional condition was impaired, or in imminent danger of being impaired, by respondent's failure to provide proper supervision or guardianship; it therefore adjudicated the children to be neglected. This appeal by respondent ensued.

We affirm. "A finding of neglect will be sustained if petitioner demonstrated, by a preponderance of evidence, that the child[ren]'s physical, mental or emotional condition was harmed or is in imminent danger of such harm as a result of the parent's failure to exercise a minimum degree of care that a reasonably prudent person would have used under the circumstances" (Matter of Marcus JJ. [Robin JJ.], 135 AD3d 1002, 1004 [2016] [citations omitted]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b]; Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015], lv denied 26 NY3d 905 [2015]; Matter of Daniel X. [Monica X.], 114 AD3d 1059, 1060 [2014]). "There are two prongs: actual or imminent danger, and failure to exercise a minimum degree of care" (Matter of Javan W. [Aba W.], 124 AD3d at 1091 [citation omitted]). "A finding of neglect does not require actual injury or impairment, but only an imminent threat that such injury or impairment may result, which can be established through a single incident or circumstance" (Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1199 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Daniel X. [Monica X.], 114 AD3d at 1060; Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1256 [2012]).

Respondent testified that he was cooking dinner for his wife, who had yet to return home from work. There were several canisters of butane in the kitchen because he had been refilling a cigarette lighter. Petitioner sought to establish that respondent was in the process of refining marihuana into "butane honey oil" in light of the oldest child's report that just prior to the explosion, respondent and another man were stirring a green substance in a pot. However, Family Court found that prospect inconsequential to a finding of neglect. Family Court noted that respondent offered no comprehensible explanation for placing an apparently leaking butane canister two feet from the stove and several other butane canisters nearby. The proof presented regarding the extent of damage to the home supports the court's description of the incident as a major explosion. These circumstances, as confirmed through respondent's admissions, demonstrate both his failure to exercise a minimum degree of care for his children, as well as their exposure to imminent danger. Consequently, there was ample basis to conclude that "a reasonable and prudent parent" would not have engaged in such activity (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]; see Matter of Emmett RR. [Scott RR.], 134 AD3d 1189, 1191 [2015]; Matter of Daniel X. [Monica X.], 114 AD3d at 1060). "[G]iving due deference to Family Court's . . . determinations of the witnesses' credibility" (Matter of Marcus JJ. [Robin JJ.], 135 AD3d at 1005; see Matter of Emmett RR. [Scott RR.], 134 AD3d at 1191), we find adequate support in the record for Family Court's finding of neglect.

McCarthy, J.P., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court