■ In the Matter of NASIR A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMILLA A. et al., Respondents.

(Proceeding No. 1.) In the Matter of Tajuddin A. Administration for Children's Services, Appellant; Jamilla A. et al., Respondents. (Proceeding No. 2.) In the Matter of Mekhi A. Administration for Children's Services, Appellant; Jamilla A. et al., Respondents. (Proceeding No. 3.) In the Matter of Ahmari A. Administration for Children's Services, Appellant; Jamilla A. et al., Respondents. (Proceeding No. 4.) [54 NYS3d 701]—

Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated September 23, 2016. The order, after a fact-finding hearing and upon a finding that the petitioner failed to establish that the father was a proper respondent or that the paternal grandmother neglected the subject children, dismissed the neglect petitions.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father and the paternal grandmother neglected the subject children. After a fact-finding hearing, the Family Court determined that the petitioner failed to establish that the father was a proper respondent and that the paternal grandmother neglected the subject children, and dismissed the petitions. The petitioner appeals.

The Family Court erred in finding that the father was not a proper respondent in this proceeding. A respondent in a Family Court Act article 10 proceeding "includes any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child" (Family Ct Act § 1012 [a]). It is undisputed that the father is the biological father of the subject children and his parental rights have not been terminated. As such, he is a proper respondent without regard to whether he was also a person legally responsible for the children's care at the pertinent time (see Matter of Marcus JJ. [Robin JJ.], 135 AD3d 1002, 1003 [2016]; Matter of Ethan A.H. [Daryl D.], 126 AD3d 699, 699 [2015]; Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1012 [2014]; Matter of Erica B. [Quentin B.], 79 AD3d 415, 415 [2010]).

Nevertheless, the petitions were properly dismissed because the petitioner failed to establish a prima facie case of neglect against the father or the paternal grandmother. The evidence adduced at the fact-finding hearing did not establish, by a

preponderance of the evidence, that the paternal grandmother medically neglected the subject children by depriving them of adequate medical care (*see Matter of Ariel P. [Lisa W.]*, 102 AD3d 795, 795 [2013]; *Matter of Terrence P.*, 38 AD3d 254, 256-257 [2007]; *Matter of Felicia D.*, 263 AD2d 399, 399-400 [1999]). In addition, the petitioner failed to establish a causal connection between the father's mental illness and any impairment or imminent risk of impairment to the children's physical, mental, or emotional health (*see Matter of Nialani T. [Elizabeth B.]*, 125 AD3d 672, 674 [2015]; *Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013]; *Matter of Cyraia B. [Carduck B.]*, 96 AD3d 936, 937 [2012]; *Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.