Devine, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 13, 2015, which partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
 

 Respondent Jody JJ. (hereinafter the mother) and respondent Reginald II. (hereinafter the father) are the parents of five children (born in 2002, 2004, 2009, 2013 and 2014). Petitioner investigated a report of suspected child abuse or neglect regarding respondents in 2014 that resulted in, among other things, a successful application to temporarily remove the three eldest children due to an imminent risk of harm and place them in the care of their maternal grandmother. Petitioner then filed a Family Ct Act article 10 petition alleging that respondents had neglected all five children, and the temporary removal of the three eldest children was continued. Family Court conducted a fact-finding hearing, after which it determined that petitioner had established respondents’ neglect of the three eldest children and ordered a dispositional hearing. Respondents appeal.
 

 The party seeking to establish neglect is obliged to “show, by a preponderance of the evidence, first, that a child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1294 [2017]). This case involves much evidence of neglect “from out-of-court statements made by the [three eldest] children that, absent corroboration, would be insufficient to support a finding of neglect” (Matter of Lindsey BB. [Ruth BB], 70 AD3d 1205, 1206 [2010]; see Family Ct Act § 1046 [a] [vi]). That being said, sufficient corroboration exists in that the out-of-court statements of those children largely mirrored one another and were confirmed in other respects by the testimony of respondents (see Matter of Nicole V., 71 NY2d 112, 124 [1987]; Matter of Marcus JJ. [Robin JJ.], 135 AD3d 1002, 1005 n 2 [2016]). The question accordingly becomes whether, after according deference to the credibility determinations of Family Court, the record proof provides a sound and substantial basis for the findings of neglect (see Matter of Cori XX. [Michael XX.], 145 AD3d 1207, 1208 [2016]; Matter of Marcus JJ. [Robin JJ.], 135 AD3d at 1005).
 

 The three eldest children were interviewed by a caseworker employed by petitioner, and she testified as to how she obtained their statements as part of an investigation into a 2014 report to the Statewide Central Register of Child Abuse and Maltreatment of inappropriate conduct by respondents. The investigation unearthed evidence of troubling parental behavior and ended in the report being indicated against both respondents.
 
 *
 
 Family Court was most concerned, however, by the statements of the three children relating to an incident in which they damaged their clothes while playing with scissors. The father learned of this and proceeded to separate, scream at and rub his knuckles against the head of each. The three children did not detail what the father said or how strenuous the physical contact was, but the children made it clear that the contact was painful and the incident so frightening that they all wet themselves. Family Court found that the father’s response— which, while not explained in perfect detail by the three children, was indisputably so unhinged that it caused them, aged 12, 10 and 5, to lose bladder control — posed an imminent risk of emotional harm that any “reasonable and prudent parent” in respondents’ position would try to avoid or ameliorate after the fact (Nicholson v Scoppetta, 3 NY3d at 370; see Matter of Emmanuel J. [Maximus L.], 149 AD3d at 1295-1296; Matter of Heaven H. [Linda H], 121 AD3d 1199, 1200-1201 [2014]).
 

 Notwithstanding that respondents were aware of how the children reacted to the father’s conduct, they did not address the problem or grapple with the broader issue of how their parenting led to it. Respondents actively avoided such a reckoning, in fact, with both ordering the children not to speak to counselors alone and the mother refusing to answer the door when child protective officials visited the family residence. Moreover, after the eldest child disregarded respondents’ commands and began regularly meeting with the school psychologist to deal with the emotional damage wrought by her home life, the mother did not permit her to attend a suggested after-school program and the father wrote a threatening note demanding that the psychologist meet with him to discuss her interactions with the child. In light of this proof, and deferring to the credibility assessments of Family Court, we perceive no reason to disturb its “determination that respondent^’] actions constituted a departure from the minimum degree of care which should be exercised by . . . reasonable and prudent parent [s] in order to ‘prevent a risk of impairment to the children] or imminent danger of impairment’ ” (Matter of Karissa NN., 19 AD3d 766, 766 [2005], quoting Matter of Paul U., 12 AD3d 969, 971 [2004]; see Matter of Heaven H. [Linda H.], 121 AD3d at 1200-1201).
 

 Respondents’ remaining arguments have been examined and lack merit.
 

 McCarthy, J.R, Egan Jr., Lynch and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 The father argues that his conduct was permissible corporal punishment, in contrast to the caseworker indicating the report against him for excessive corporal punishment and inadequate guardianship. It does not appear that respondents challenged the indicated report and, in any event, Family Court did not make a similar finding and was more concerned about respondents’ failure to safeguard the children in the wake of actions that caused obvious emotional distress.