Matter of Jordyn WW. (Tyrell WW.) (2019 NY Slip Op 07460)





Matter of Jordyn WW. (Tyrell WW.)


2019 NY Slip Op 07460


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527160

[*1]In the Matter of Jordyn WW., Alleged to be a Neglected Child. Ulster County Department of Social Services, Respondent; Tyrell WW., Appellant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Tracy Steeves, Kingston, for appellant.
Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for respondent.
Rekha Nori, Kingston, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered July 26, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent is the father of the subject child (born in 2014). Early one morning in February 2017, respondent discharged a firearm from inside the home that he shared with the child and the child's mother. The shots were fired through the front door and into the driveway. Neither the child nor the mother were home at the time of this incident. As a result of this incident, petitioner commenced this proceeding alleging that respondent neglected the child. At the close of petitioner's case, respondent moved to dismiss the petition and Family Court, after initially reserving, denied said motion. Respondent subsequently rested without presenting any witnesses. Family Court thereafter rendered a bench decision, finding that petitioner proved that respondent neglected the child because respondent's conduct of repeatedly shooting through the front door and into the driveway where the child could have been present created an imminent risk to the child, and a reasonable and prudent parent would not have engaged in such behavior. A dispositional hearing was then held, during which respondent consented to the proposed disposition, which included a one-year period of supervision with various conditions. Thereafter, Family Court issued an order of fact-finding and disposition. Respondent appeals, and we reverse.
"To satisfy its burden on the neglect petition, petitioner had to prove by a preponderance of the evidence that [the] respondent's failure 'to exercise a minimum degree of care' in providing proper supervision or guardianship resulted in the child[]'s 'physical, mental or emotional condition' being impaired or placed 'in imminent danger of becoming impaired'" (Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015] [citations omitted], lv denied 26 NY3d 905 [2015], quoting Family Ct Act § 1012 [f] [i]). "There are two prongs: actual or imminent danger, and failure to exercise a minimum degree of care" (Matter of Javan W. [Aba W.], 124 AD3d at 1091 [citation omitted]; accord Matter of Cameron O. [Scott O.], 147 AD3d 1257, 1258 [2017]). The first prong "focus[es] on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; see Matter of Javan W. [Aba W.], 124 AD3d at 1091). Although a finding of imminent danger can be established through a single incident or circumstance, the danger "must be near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d at 369; see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1294 [2017]). As such, it has been held that a finding of imminent danger is contingent on the child being present (see Matter of Imani O. [Marcus O.], 91 AD3d 466, 468 [2012]; Matter of Alyssa OO. [Andrew PP.], 68 AD3d 1158, 1160-1161 [2009]).
Here, it is undisputed that the child was not present during the shooting. Despite this, petitioner and the attorney for the child argue that the child and the mother could have returned to the home at any time and traveled through the likely path of the shotgun pellets. However, this did not occur, nor can such danger be said to have been imminent as it was only hypothetical, rather than "near or impending" (Nicholson v Scoppetta, 3 NY3d at 369; see Matter of I.A. [Devona H.], 132 AD3d 757, 758 [2015]; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687-688 [2014]). Put another way, the issue is not that there was no imminent risk because, fortuitously, nothing happened to the child, but rather that nothing could have happened under the particular scenario because the child was not home (compare Matter of Cameron O. [Scott O.], 147 AD3d 1257, 1258-1259 [2017]; Matter of Emmett RR. [Scott RR.], 134 AD3d 1189, 1191 [2015]). "While respondent's conduct was far from ideal and it is possible to speculate about ways that events could have turned out differently for the child[], nonetheless, the record fails to establish that the child[] [was] in imminent danger" (Matter of Cadence GG. [Lindsay II.], 124 AD3d 952, 954-955 [2015] [citation omitted]). Accordingly, we find that petitioner failed to meet its burden on the neglect petition (Matter of Javan W. [Aba W.], 124 AD3d at 1093). Based upon this finding, respondent's remaining contention is rendered academic.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.