Matter of Ja'Moure D.S. (Jasmine M.) (2025 NY Slip Op 03485)

Matter of Ja'Moure D.S. (Jasmine M.)

2025 NY Slip Op 03485

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

489 CAF 23-01396

[*1]IN THE MATTER OF JA'MOURE D.S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; JASMINE M., AND ALEJANDRO D.S., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT JASMINE M.
CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT ALEJANDRO D.S.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
STUART J. LAROSE, SYRACUSE, ATTORNEY FOR THE CHILD.

 Appeals from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered July 7, 2023, in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the custody of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent mother and Alejandro D.S. (respondent) each appeal in appeal No. 3 from an order determining that they abused their oldest child (child) and derivatively neglected two of the mother's other children, and they appeal in appeal Nos. 1 and 2 from orders determining that they derivatively neglected their two younger children. These abuse and neglect proceedings were commenced after the child, who was six months old at the time, sustained a critical head injury at the mother's home.
Respondent contends in appeal No. 3 that, although he is the child's biological father, he was not a person legally responsible for the care of the child inasmuch as he was not living with the child or spending substantial time in her residence at the time of her injury. We reject that contention. A respondent in an article 10 proceeding includes "any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child" (Family Ct Act § 1012 [a]). A " '[p]erson legally responsible' includes the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]).
As the child's biological father, respondent "is a proper respondent without regard to whether he was also a person legally responsible for the child['s] care at the pertinent time" (Matter of Nasir A. [Jamilla A.], 151 AD3d 959, 960 [2d Dept 2017]; see Matter of Marcus JJ. [Robin JJ.], 135 AD3d 1002, 1003-1004 [3d Dept 2016]; Matter of Erica B. [Quentin B.], 79 AD3d 415, 415 [1st Dept 2010], lv denied 16 NY3d 703 [2011]). Moreover, petitioner introduced evidence that respondent received mail at the apartment where the mother and child [*2]resided, that he kept clothing at the apartment, that he watched the child while the mother left the apartment to go shopping, and that one of the child's siblings stated that respondent lived with them. The evidence thus established that respondent was a person legally responsible for the child's care at the relevant time (see Family Ct Act § 1012 [g]; Matter of Elijah AA. [Alexander AA.], 216 AD3d 1372, 1374 [3d Dept 2023]; Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1647-1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022]; see generally Matter of Yolanda D., 88 NY2d 790, 796 [1996]). Although the mother and respondent gave testimony to the contrary, Family Court rejected their testimony as incredible, and we accord great weight and deference to the court's credibility determinations inasmuch as they are supported by a sound and substantial basis in the record (see Matter of Zakiyyah T. [Lamar R.], 221 AD3d 1443, 1445-1446 [4th Dept 2023], lv denied 41 NY3d 901 [2024]).
We reject respondent's alternative contention in appeal No. 3 that the court erred in finding that he abused the child. Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondents, and (2) that [the] respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Grayson R.V., 200 AD3d at 1648; Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]). Section 1046 (a) (ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Philip M., 82 NY2d at 244).
We conclude that the court's finding that the child was abused by respondent is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [b] [i]; Matter of Jezekiah R.-A. [Edwin R.-E.], 78 AD3d 1550, 1551 [4th Dept 2010]). A pediatric surgeon testified that the child sustained non-accidental trauma to the head that required a craniectomy to relieve swelling and remove a blood clot. The surgeon testified that the child's injuries were inconsistent with a fall from a bed, as the mother had reported. Thus, petitioner established that the child suffered injuries that "would ordinarily not occur absent an act or omission of [the mother and respondent]" (Philip M., 82 NY2d at 243; see Grayson R.V., 200 AD3d at 1648; Matter of Damien S., 45 AD3d 1384, 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]). Petitioner further established that the mother and respondent "were the caretakers of the child at the time the injur[ies] occurred" (Philip M., 82 NY2d at 243), and the "presumption of culpability extends" to both of them (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 74 [1st Dept 2012]). We conclude that respondent failed to rebut the presumption of culpability (see Matter of Tyree B. [Christina H.], 160 AD3d 1389, 1389 [4th Dept 2018]; Damien S., 45 AD3d at 1384).
We further reject respondent's contention in all three appeals that the court erred in finding that he derivatively neglected the child's siblings. Respondent was the father of two of the child's siblings, and petitioner established as a matter of law that respondent was a person legally responsible for the mother's other children (see Family Ct Act § 1012 [g]; Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1284-1285 [4th Dept 2011]). The abuse of the child "is so closely connected with the care [of her siblings] as to indicate that [those children are] equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]; see Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]). The abuse of the child further "demonstrates such an impaired level of judgment by [respondent] as to create a substantial risk of harm for any child in [his] care" (Matter of Aaron McC., 65 AD3d 1149, 1150 [2d Dept 2009]; see Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]). The court's finding of derivative neglect based on the evidence that respondent abused the child is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1536 [4th Dept 2018]).
The mother contends in all three appeals that she was denied meaningful representation by her attorney's failure to retain and call a medical witness to rebut the evidence establishing the cause of the child's injuries. That contention "is 'impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on [her] behalf' " (Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]). In particular, the mother failed to "demonstrate[ ] that there were 'relevant experts who would have been willing to testify in a manner helpful [and favorable] to [her] case[ ]' . . . , and her speculation that [her attorney] could have found an expert with a contrary, exculpatory medical opinion is insufficient to establish deficient representation" (Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224-1225 [*3][3d Dept 2015]; see Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1412 [4th Dept 2017]). We have examined the mother's remaining allegations of ineffective assistance and conclude that the record establishes that " 'viewed in the totality of the proceedings, [the mother] received meaningful representation' " (Matter of Bentleigh O. [Jacqueline O.], 125 AD3d 1402, 1404 [4th Dept 2015], lv denied 25 NY3d 907 [2015]; see Matter
of Aubree R. [Natasha B.], 217 AD3d 1565, 1566-1567 [4th Dept 2023], lv denied 40 NY3d 905 [2023]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court