◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. HERNER, Appellant. [607 NYS2d 822] —Judgment unanimously affirmed. Memorandum: Defendant argues that the prosecutor's showing the complainant a photograph of an earlier lineup during preparation of her trial testimony was an identification procedure for which a CPL 710.30 notice was required and that the failure of the prosecutor to provide such a notice required suppression of the complainant's in-court identification. We disagree. When the trial court was informed that such a procedure had been used, it re-opened the Wade hearing (see, United States v Wade, 388 US 218). At that hearing, the complainant testified that the prosecutor merely showed her the photograph of the lineup and asked her if she remembered the lineup and which number she had selected. The procedure did not require the complainant to identify defendant and the complainant's testimony provided the court with sufficient assurances that the procedure was not suggestive. We urge prosecutors, however, not to use photographs of a defendant to refresh the recollections of witnesses prior to their trial testimony. Furthermore, prosecutors should inform the trial court immediately if such a procedure has been used so that the court may, if it deems it necessary, hold a hearing to determine whether the viewing was suggestive and may taint the witness' in-court identification of defendant (see, People v Bussey, 155 Misc 2d 916). We decline to modify defendant's sentence in the interest of justice. We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Wayne

County Court, Parenti, J.—Robbery, 1st Degree.) Present— Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.