■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CLARK, Appellant. [611 NYS2d 387] —Judgment unanimously affirmed. Memorandum: There is no merit to the contentions of defendant on appeal from his conviction of criminal possession of a forged instrument in the second degree (15 counts), grand larceny in the third degree and grand larceny in the fourth degree (two counts). Because the People announced their readiness within six months of commencement of the action and are not chargeable with any periods of postreadiness delay (see, *People v McKenna*, 76 NY2d 59, 64; *see generally, People v Kendzia*, 64 NY2d 331, 337), defendant was not deprived of his right to a speedy trial. The court did not err in admitting the identification testimony of seven prosecution witnesses; the photo array was not sug-

gestive. The court did not err in admitting photographs, checks, and deposit and withdrawal slips over defendant's objection on hearsay grounds. The bank videos and photographs are not extrajudicial utterances, and thus do not implicate the hearsay rule. The checks and deposit and withdrawal slips were not admitted for the truth of any assertion set forth therein, and thus do not fall within the hearsay rule. The People introduced those documents to show that they were made by defendant in furtherance of the crime.

The People did not fail to provide a CPL 710.30 notice of identification. In preparing a witness for his trial testimony, the prosecutor showed him relevant exhibits, one of which was a forged photo identification that defendant had displayed to the witness during the course of the crime. Showing a witness a trial exhibit as part of routine trial preparation does not invoke CPL 710.30 (cf., People v Herner, 201 AD2d 954). Proof of identification was sufficient when viewed in relation to each count and overwhelming when viewed in its entirety. Similarly, proof of defendant's guilty knowledge was sufficient (cf., People v Johnson, 65 NY2d 556). Defendant's contention that the prosecution presented evidence of uncharged crimes without obtaining a Ventimiglia ruling is unpreserved and without merit. Imposition of consecutive terms was not illegal (see, Penal Law § 70.25; People v Day, 73 NY2d 208, 212), nor is the aggregate term of 12½ to 25 years harsh or excessive. Finally, defendant was not denied his right to be present during the Sandoval hearing. The clerk's minutes note defendant's presence with defense counsel from the outset of that day's proceedings. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.