Matter of R.Q.M. (Afroz Q.M.) (2020 NY Slip Op 03514)





Matter of R.Q.M. (Afroz Q.M.)


2020 NY Slip Op 03514


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2018-14695
2018-14697
 (Docket Nos. N-9419-17, N-9420-17, N-9421-17, N-9422-17)

[*1]In the Matter of Ivy R.Q.M. (Anonymous). Westchester County Department of Social Services, respondent; Afroz Q.M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Rafay Q.M. (Anonymous). Westchester County Department of Social Services, respondent; Afroz Q.M. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Rahil Q.M. (Anonymous). Westchester County Department of Social Services, respondent; Afroz Q.M. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Raiyan Q.M. (Anonymous). Westchester County Department of Social Services, respondent; Afroz Q.M. (Anonymous), appellant. (Proceeding No. 4.)


Helene M. Greenberg, Elmsford, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for respondent.
Carl D. Birman, Schenectady, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Westchester County (Hal B. Greenwald, J.), entered July 25, 2018, and (2) an order of disposition of the same court entered November 13, 2018. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, continued the placement of the children in the custody of the Westchester County Commissioner of Social Services until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for [*2]review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as continued the placement of the subject children in the custody of the Westchester County Commissioner of Social Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as continued the placement of the subject children in the custody of the Westchester County Commissioner of Social Services until the completion of the next permanency hearing is dismissed as academic as additional permanency hearings have thereafter been held (see Matter of Grace M. [Leighton M.], 180 AD3d 912, 912; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045). However, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected the children is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (see Matter of Jemima M. [Aura M.], 151 AD3d 862, 863; Matter of Justin P. [Damien P.], 148 AD3d 903, 904).
The subject children resided with their mother and maternal grandmother at the grandmother's residence until in or around June 2017, when an order of protection was entered against the mother and in favor of the children, based on allegations of the mother's substance abuse, and the mother was required to leave the residence. The father then moved in with the children and grandmother. In August 2017, the children were removed from the care and custody of the father and placed in the custody of the Westchester County Commissioner of Social Services after an investigation was conducted into an alleged incident of domestic violence perpetrated by the father against the mother and the grandmother in the grandmother's home. The Westchester County Department of Social Services (hereinafter DSS) commenced these proceedings alleging that the father had neglected the children. Following fact-finding and dispositional hearings, the Family Court determined that the children were neglected and directed, inter alia, that they remain in the custody of the Commissioner of Social Services of Westchester County until completion of the next permanency hearing. The father appeals.
Contrary to the father's contention, DSS established by a preponderance of the evidence that his conduct with respect to the children constituted neglect and placed the children in imminent risk of harm since the father failed, or refused, to prevent the mother from visiting the residence, despite his knowledge of the mother's long and continuing history of substance abuse (see Matter of Victoria B. [Jonathan M.], 161 AD3d 1145, 1146; Matter of Arthur C., 260 AD2d 478, 479; see generally Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368), and despite the existence of the order of protection against the mother in favor of the children, which the father failed, or refused, to enforce (see Matter of Amelia W. [Gloria D.W.], 77 AD3d 841, 842; Matter of Susan B., 264 AD2d 478, 478-479).
Moreover, DSS established by a preponderance of the evidence that the father further placed the children in imminent risk of harm when he punched the mother in the face, causing her nose to bleed, and then threatened the grandmother with a knife, in the presence of the children (see Matter of Jordan R. [Yon R.-W.], 162 AD3d 671, 672; Matter of Briana F. [Oswaldo F.], 69 AD3d 718, 719). Contrary to the father's contention, the out-of-court statements two of the children made to the caseworker concerning this incident cross-corroborated each other for purposes of Family Court Act § 1046(a)(vi), and were further corroborated by a bloodstain the caseworker observed on the living room carpet (see Matter of Nicole V., 71 NY2d 112, 124; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700; Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627). To the extent the father's testimony contradicted the children's statements to the caseworker, this Court will generally regard the Family Court's credibility determinations with "[g]reat deference" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857). The Family Court's determination crediting DSS's witnesses, and finding the testimony of the father to be "incredible, confusing, and unreliable" [*3]was clearly supported by the record.
Lastly, the evidence adduced at the fact-finding hearing established that the children's home was maintained in a deplorable and unsanitary condition (see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 622; Matter of Todd D. [Jean L.], 9 AD3d 462, 463).
Accordingly, we agree with the Family Court's finding that the father neglected the children.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court