Matter of Etonlivon C. (Lorris C.) (2020 NY Slip Op 07883)





Matter of Etonlivon C. (Lorris C.)


2020 NY Slip Op 07883


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-01891
2020-01892
 (Docket Nos. N-11378-19, N-11379-19)

[*1]In the Matter of Etonlivon C. (Anonymous). Administration for Children's Services, respondent; Lorris C. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Samuel C. (Anonymous). Administration for Children's Services, respondent; Lorris C. (Anonymous), appellant. (Proceeding No. 2.)


Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Lindsay Long-Waldor of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and John Moore of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated November 21, 2019, and (2) an order of disposition of the same court dated January 21, 2020. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, upon the order of fact-finding and upon the father's consent, released the subject children to the care of the father under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that so much of the appeal from the order of disposition as, upon the father's consent, released the subject children to his care under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In April 2019, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject children, then ages seven and four, by leaving them unsupervised in their apartment for a significant period of time without a safety plan or a way to communicate with him. Following a fact-finding hearing, the Family Court found that the father neglected the children by leaving them home alone without adult supervision. In an order of disposition, the court, upon the father's consent, released the children to his care under the supervision of ACS for a period of six months under certain terms and conditions. The father appeals from the order of fact-finding and the order of disposition.
The appeal from so much of the order of disposition as placed the father, upon consent, under ACS supervision for a period of six months must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 954). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 741; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 954). However, the appeal from so much of the order of disposition as brings up for review the finding of neglect in the order of fact-finding is not academic, since a finding of neglect constitutes a permanent and significant stigma, which might indirectly affect the father's status in future proceedings (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 741; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 954-955).
To establish neglect of a child, as charged here, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caregiver to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Matter of Ava A. [Steven A.], 179 AD3d 666, 669).
Here, the record supports the Family Court's resolution of credibility issues (see Matter of Ava A. [Steven A.], 179 AD3d at 669; Matter of Oliver A. [Oguis A.-D.], 167 AD3d at 868). The preponderance of the evidence established that the father left the subject children, then ages seven and four, home alone for a significant period of time without a safety plan or way to communicate with him, even though he previously had been investigated by ACS and advised against doing the same (see Matter of Stephen C. v Johnson, 39 AD3d 932, 933). The court's determination that the children were in imminent risk of harm due to the father's neglect was, therefore, supported by a preponderance of the evidence, and we decline to disturb it (see Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court