Matter of Christian G. (Alexis G.) (2021 NY Slip Op 01774)





Matter of Christian G. (Alexis G.)


2021 NY Slip Op 01774


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-13035
 (Docket No. N-15532-17)

[*1]In the Matter of Christian G. (Anonymous). Administration for Children's Services, respondent; Alexis G. (Anonymous), et al., appellants.


Jill M. Zuccardy, New York, NY, for appellant Alexis G.
Mark Diamond, New York, NY, for appellant Kujo G.
James E. Johnson, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Kevin Osowski of counsel), for respondent.
Richard P. Reyes, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father and the paternal grandmother separately appeal from an order of disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated October 31, 2019. The order of disposition, upon an order of fact-finding of the same court dated August 30, 2019, made after a fact-finding hearing, finding that the father and the paternal grandmother neglected the subject child, and upon the father's and the paternal grandmother's consent, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York to reside with a paternal uncle, upon certain terms and conditions, until the completion of the next permanency hearing.
ORDERED that the appeals from so much of the order of disposition as, upon the father's and the paternal grandmother's consent, placed the subject child in the custody of the Commissioner of Social Services of the City of New York to reside with a paternal uncle, upon certain terms and conditions, until the completion of the next permanency hearing are dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In June 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the father had neglected the subject child due to mental illness and drug abuse, and that the paternal grandmother had neglected the child by allowing the father to care for the child unsupervised, despite knowing of the father's drug abuse and failure to take prescribed medication for his mental illness. After a fact-finding hearing, the Family Court found that the father and the paternal grandmother each neglected the child. After a dispositional hearing, in an order of disposition dated October 31, 2019, the court, upon the consent of the father and the paternal grandmother, inter alia, placed the child in the custody of the Commissioner of Social Services of [*2]the City of New York (hereinafter the Commissioner) to reside with a paternal uncle, upon certain terms and conditions, until the completion of the next permanency hearing. The father and the paternal grandmother separately appeal from the order of disposition.
The appeals from so much of the order of disposition as placed the child in the custody of the Commissioner to reside with a paternal uncle until the completion of the next permanency hearing must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Etonlivon C. [Lorris C.], 189 AD3d 1394, 1395; Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Etonlivon C. [Lorris C.], 189 AD3d at 1395; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 954). However, the appeals from so much of the order of disposition as bring up for review the findings of neglect are not academic, since a finding of neglect constitutes a permanent and significant stigma, which might indirectly affect the father's and the paternal grandmother's status in future proceedings (see Matter of Etonlivon C. [Lorris C.], 189 AD3d at 1395; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955).
A finding of neglect may be entered when the petitioner establishes, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), that the child's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of the failure of the parent or other person legally responsible for the child's care to exercise a minimum degree of care (see Family Ct Act § 1012[f][i]).
Here, the evidence presented by the petitioner at the fact-finding hearing demonstrated that the father was not compliant with prescribed medication for his mental illness, which resulted in aggressive behavior and two involuntary psychiatric hospitalizations in the two months prior to the filing of the instant petition. The Family Court's determination that the father neglected the child as a result of his untreated mental illness is supported by a preponderance of the evidence (see Matter of Anthony A.R. [Taicha P.], 188 AD3d 697; Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 932; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246). The father failed to rebut the petitioner's prima facie showing in this regard (see Matter of Jamie A.C.-A. [Jamie A.], 188 AD3d 1198, 1200).
Further, the petitioner presented a prima facie case of neglect based on evidence that the father had regularly used marijuana, which he had been advised could worsen his preexisting mental health condition (see Family Ct Act § 1046[a][iii]; Matter of Gabriela T. [Angelina T.], 160 AD3d 968, 969; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 519). Since the father failed to establish at the fact-finding hearing that he was voluntarily and regularly participating in a drug rehabilitative program, he failed to rebut the petitioner's prima facie evidence of neglect (see Family Ct Act § 1046[a][iii]; Matter of Gabriela T. [Angelina T.], 160 AD3d at 969; Matter of Nyheem E. [Jamila G.], 134 AD3d at 519).
The finding of neglect against the paternal grandmother was also supported by a preponderance of the evidence, which demonstrated that, despite knowledge of the father's untreated mental health problems and marijuana abuse, she placed the child at imminent risk of harm when she ignored directives to the contrary and allowed the father to care for the child without supervision (see Matter of Jayden A. [Elisaul A.], 159 AD3d 572; Matter of Lanijah J.L.[Omisa C.L.], 146 AD3d 784, 786; Matter of Ethan A.H. [Daryl D.], 126 AD3d 699). The paternal grandmother failed to rebut the petitioner's prima facie showing (see Matter of Jamie A.C.-A. [Jamie A.], 188 AD3d at 1200).
Accordingly, we affirm the order of disposition insofar as reviewed.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court