Matter of Hanah A. (Kristy M.) (2021 NY Slip Op 03172)





Matter of Hanah A. (Kristy M.)


2021 NY Slip Op 03172


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-09767
 (Docket Nos. N-5298-18, N-5299-18)

[*1]In the Matter of Hanah A. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Kristy M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Rahim A. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Kristy M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Kelli M. O'Brien, Goshen, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Stephanie Bazile of counsel), for petitioner-respondent.
Patrick J. Carle, New City, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated July 15, 2019. The order of disposition, upon an order of fact-finding of the same court dated June 7, 2019, made after a fact-finding hearing, finding that the mother neglected the subject children, and after a dispositional hearing, inter alia, continued the placement of the subject children in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as continued the placement of the subject children in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
On December 10, 2018, the petitioner commenced these proceedings against the mother and the father, alleging that they neglected the two subject children by failing to provide them with proper supervision and guardianship. According to the petition, on December 9, 2018, police officers, responding to calls to the 911 emergency number, visited the mother's home and found her [*2]in a "mentally unstable" state, her one-room residence in disarray, and the children dirty and unkempt. The petition further alleged, inter alia, that the mother was subsequently taken to a hospital "to address her mental health," and that since the father was out of state and could not return that day, the children were placed in foster care. The father consented to the entry of a finding of neglect against him.
After a fact-finding hearing, the Family Court found that the mother neglected the children. Following a dispositional hearing, the court issued an order of disposition dated July 15, 2019, which, among other things, continued the placement of the children in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing. The mother appeals.
The appeal from so much of the order of disposition as continued the placement of the children in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing is dismissed as academic, as additional permanency hearings have thereafter been held (see Matter of Grace M. [Leighton M.], 180 AD3d 912, 912; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045). However, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the children is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings (see Matter of Ivy R.Q.M. [Afroz Q.M.], 184 AD3d 833, 834; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863).
"In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Justin L. [Sandra L.], 144 AD3d 915, 915; see Family Ct Act § 1046[b][i]). "A parent neglects a child where he or she fails to 'exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship' that results in impairment or 'imminent danger' of impairment to the child's 'physical, mental or emotional condition'" (Matter of Zahir W. [Ebony W.], 169 AD3d 909, 909, quoting Family Ct Act § 1012[f][i][B]).
Here, contrary to the mother's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence demonstrating, inter alia, the mother's erratic behavior on December 9, 2018, which prompted the calls to the police, the unsafe conditions in the home, and the children's exposure to domestic violence (see Family Ct Act § 1046[b][i]).
The mother's contention that she was deprived of the effective assistance of counsel is also without merit. The record shows that the mother was afforded meaningful representation, thereby satisfying the constitutional standard (see Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896, 897; Matter of Alfred C., 237 AD2d 517, 517).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court