Matter of Khaleef M. S.-P. (Khaleeda M. S.) (2022 NY Slip Op 02124)





Matter of Khaleef M. S.-P. (Khaleeda M. S.)


2022 NY Slip Op 02124


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-02470
 (Docket No. N-4368-18)

[*1]In the Matter of Khaleef M. S.-P. (Anonymous). Administration for Children's Services, appellant; Khaleeda M. S. (Anonymous), respondent.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Deborah Frankel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated March 30, 2021. The order, after a fact-finding hearing, dismissed the petition.
ORDERED that the order is reversed, on the law and facts, without costs or disbursements, the petition is reinstated, a finding is made that the mother neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
By petition dated February 20, 2018, the Administration for Children's Services (hereinafter ACS) alleged that the mother, by failing to properly treat her mental illness, had neglected the subject child, thus placing the child at imminent risk of harm.
At a fact-finding hearing, ACS presented evidence, inter alia, that the mother had previously been diagnosed with schizophrenia and that she had not been taking her medication for the three years leading up to the filing of the neglect petition. On February 16, 2018, in the presence of the child, the mother made rude and bizarre comments to employees at the shelter where she lived with the child. After one employee asked the mother to leave her office, the mother got close to the employee and swung her hands at the employee's face. Shelter staff called 911, and the mother was thereafter involuntarily hospitalized for two weeks. During and after her hospitalization, the mother continued to display bizarre and delusional behavior, including in court and during supervised visits with the child.
Following the fact-finding hearing, the Family Court found that ACS had not [*2]established by a preponderance of the evidence that the mother neglected the child, and, in an order dated March 30, 2021, the court dismissed the petition. ACS appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing by a preponderance of evidence that the subject child has been abused or neglected (see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056 [internal quotation marks omitted]). "Indeed, even when a child has not been actually impaired, a finding of neglect is appropriate to prevent imminent impairment, which is an independent and separate ground on which a neglect finding may be based" (id. at 1056 [internal quotation marks omitted]). In such cases, the court is not required to wait until a child has already been harmed before it enters a neglect finding (see Matter of Kiemyah M. [Cassiah M.], 137 AD3d 1279, 1279). Proof of a parent's "ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future" (Matter of Bella S. [Sarah S.], 158 AD3d 703, 704 [internal quotation marks omitted]).
Here, contrary to the Family Court's determination, ACS established by a preponderance of the evidence that the mother neglected the subject child. ACS's evidence showed that the mother's largely untreated mental illness caused the child to be placed at imminent risk of harm, as the mother lashed out at shelter employees while in the presence of the child, which episode resulted in a two-week involuntary hospitalization of the mother. The mother continued to display delusional behavior after her hospitalization, including in the presence of the child during supervised visits and in court, and continued to lack insight into her illness long after the February 2018 incident that precipitated this proceeding (see Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029; Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 932; Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246).
Accordingly, we reverse the order, reinstate the petition, find that the subject child is a neglected child within the meaning of Family Court Act § 1012(f), and remit the matter to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court