Matter of Alisha S. (Carine S.-K.) (2024 NY Slip Op 00318)

Matter of Alisha S. (Carine S.-K.)

2024 NY Slip Op 00318

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-09694
2023-00226
 (Docket Nos. N-48-2021, N-50-2021)

[*1]In the Matter of Alisha S. (Anonymous). Orange County Department of Social Services, respondent; Carine S.-K. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Matthew S. (Anonymous). Orange County Department of Social Services, respondent; Carine S.-K. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Stephen S. (Anonymous). Orange County Department of Social Services, respondent; Carine S.-K. (Anonymous), appellant. (Proceeding No. 3.)

 

Alex Smith, Middletown, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for respondent.
Gary E. Eisenberg, New City, NY, attorney for the child Alisha S.

DECISION & ORDER
Robert M. Rametta, Goshen, NY, attorney for the child Stephen S. In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 12, 2022, and (2) a corrected order of disposition of the same court dated November 28, 2022. The corrected order of disposition, upon an order of fact-finding of the same court dated May 26, 2022, made after a fact-finding hearing, finding that the mother neglected the subject children, and after a dispositional hearing, inter alia, placed the mother and the child Alisha S. under the supervision of the Orange County Department of Social Services for a period of 12 months and continued the placement of the child Alisha S. in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing.
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, as that order was superseded by the corrected order of disposition; and it is further,
ORDERED that the appeal from so much of the corrected order of disposition as placed the mother and the child Alisha S. under the supervision of the Orange County Department [*2]of Social Services for a period of 12 months and continued the placement of the child Alisha S. in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the corrected order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In January 2021, the petitioner removed the subject children from the father's care and, inter alia, commenced these proceedings pursuant to Family Court Act article 10 against the mother, alleging that she neglected the children by failing to provide them with proper supervision and guardianship. According to the petition, the mother knew or should have known that the children were living in unsanitary conditions, were not having their medical or mental health needs met, were not attending school regularly, and were exposed to violence. The father consented to the entry of a finding of neglect against him.
After a fact-finding hearing, the Family Court found that the mother neglected the children. Following a dispositional hearing, the court issued a corrected order of disposition dated November 28, 2022, which, among other things, placed the mother and the child Alisha S. under the supervision of the Orange County Department of Social Services for a period of 12 months and continued the placement of the child Alisha S. in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing.
The appeal from so much of the corrected order of disposition as placed the mother and child Alisha S. under the supervision of the Orange County Department of Social Services for a period of 12 months must be dismissed, as that portion of the corrected order of disposition has expired by its own terms (see Matter of Anilya S. [Mohamed S.], 218 AD3d 473, 474). The appeal from so much of the corrected order of disposition as continued the placement of the child Alisha S. in the custody of the Commissioner of Social Services of Orange County until the completion of the next permanency hearing is dismissed as academic because the Family Court thereafter held additional permanency hearings (see Matter of Hanah A. [Kristy M.], 194 AD3d 922, 923; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045). "However, the appeal from so much of the [corrected] order of disposition as brings up for review the finding that the mother neglected the children is not academic [because] the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings" (Matter of Hanah A. [Kristy M.], 194 AD3d at 923; see Matter of Ivy R.Q.M. [Afroz Q.M.], 184 AD3d 833, 834).
"In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Hanah A. [Kristy M.], 194 AD3d at 923 [internal quotation marks omitted]). "A parent neglects a child where he or she fails to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship that results in impairment or imminent danger of impairment to the child's physical, mental[,] or emotional condition" (id. [internal quotation marks omitted]).
Here, contrary to the mother's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence, which demonstrated, inter alia, that the mother failed to act to protect the children from unsanitary living conditions, inconsistent school attendance by the children, gang and gun violence, a lack of medical and mental health treatment, as well as having failed to act upon the older children's inappropriate behavior (see Matter of Brian F., Jr. [Brian F., Sr.], 143 AD3d 983, 983; Matter of Jonathan W., 17 AD3d 374, 375).
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court