Matter of Wynter V. (Felitta V.) (2024 NY Slip Op 04144)

Matter of Wynter V. (Felitta V.)

2024 NY Slip Op 04144

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-01355
 (Docket No. N-3513-22)

[*1]In the Matter of Wynter. (Anonymous). Administration for Children's Services, respondent; Felitta V. (Anonymous), appellant.

Peter Wilner, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoe Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated December 16, 2022. The order, (1) after a fact-finding hearing, found that the mother neglected the subject child, and (2) after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
By petition dated March 9, 2022, the Administration for Children's Services (hereinafter ACS) commenced this Family Court Act article 10 proceeding, alleging, inter alia, that the mother neglected the subject child due to mental illness. The child was removed from the mother's care, placed in the custody of ACS, and placed in foster care. In November 2022, after a fact-finding hearing on the petition had commenced, the mother made an application pursuant to Family Court Act § 1028 for the return of the child to her care during the pendency of the proceeding. The Family Court conducted a combined fact-finding hearing on the petition and hearing pursuant to Family Court Act § 1028. After the combined hearing, in an order dated December 16, 2022, the court found that the mother neglected the child, denied the mother's application pursuant to Family Court Act § 1028, and adjourned the matter for a dispositional hearing. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing by a preponderance of evidence that the subject child has been abused or neglected" (Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Maurice M. [*2][Suzanne H.], 158 AD3d 689, 690-691; see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592).
Here, contrary to the mother's contention, ACS established by a preponderance of the evidence that the mother neglected the child. ACS's evidence showed that the mother's untreated mental illness caused the child to be placed at imminent risk of harm, including an incident where the mother's erratic behavior in the presence of the child resulted in a three-week involuntary hospitalization (see Matter of Hanah A. [Kristy M.], 194 AD3d 922, 923). The mother continued to display erratic and paranoid behavior after her hospitalization, including during supervised visits, and also continued to lack insight into her ongoing and untreated mental illness (see Matter of Precise M. [Tawana M.], 215 AD3d 680, 681; Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1161; Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029; Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056).
Further, there is a sound and substantial basis in the record for the Family Court's determination that the child would be at imminent risk if returned to the mother's care during the pendency of the proceeding (see Matter of Daniella G. [Margarita K.], 206 AD3d 730, 731-732; Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974; Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259). Accordingly, the court properly denied the mother's application pursuant to Family Court Act § 1028 for the return of the child to her care during the pendency of the proceeding.
The parties' remaining contentions are without merit.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court