Matter of Caia N. (Terri N.) (2024 NY Slip Op 05211)

Matter of Caia N. (Terri N.)

2024 NY Slip Op 05211

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-04815
 (Docket No. N-9601-20)

[*1]In the Matter of Caia N. (Anonymous), nonparty-appellant. Administration for Children's Services, petitioner-appellant; Terri N. (Anonymous), respondent.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and D. Alan Rosinus, Jr., of counsel), for petitioner-appellant.
Twyla Carter, New York, NY (Dawne A. Mitchell, Denise Barry, and Riti P. Singh of counsel), attorney for the child, the non-party appellant.
Devian Daniels, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals, and the subject child separately appeals, from an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated May 23, 2023. The order of fact-finding, after a hearing, dismissed the petition.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petition is reinstated, a finding is made that the mother neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
The petitioner, Administration for Children's Services (hereinafter ACS), filed a petition (hereinafter the neglect petition) pursuant to Family Court Act article 10 alleging that the mother had neglected the subject child in that the mother had failed to provide the child with proper supervision and guardianship by perpetrating acts of violence against the maternal grandmother in the presence of the child. At a fact-finding hearing, ACS presented evidence that the mother had an untreated mental illness. After the hearing, the Family Court dismissed the neglect petition. ACS and the child separately appeal.
Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child (see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592; Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161). A finding of neglect is appropriate to prevent imminent impairment and the court is not required to wait until a child has already been harmed before it enters a neglect finding (see Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1160; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Joseph L. [Cyanne W.], [*2]168 AD3d 1055, 1056). Proof of a parent's ongoing mental illness and failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for their child in the foreseeable future (see Matter of Sonja R. [Victor R.], 216 AD3d 1096, 1098; Matter of Precise M. [Tawana M.], 215 AD3d 680, 681; Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1161).
Here, contrary to the Family Court's determination, ACS established by a preponderance of the evidence that the mother neglected the child. The evidence showed that the mother's largely untreated mental illness caused the child to be placed at imminent risk of harm (see Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1161). The mother admitted that she struck the grandmother in the child's presence. Further, ACS established that the mother had a history of threatening behavior toward ACS staff. The evidence presented demonstrated that the mother's willingness to engage in and threaten violence in the presence of the child, and the mother's failure to address her mental illness, placed the child at imminent risk of physical, mental, or emotional harm (see id.; Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029).
Here, the Family Court should have found that the mother neglected the child by putting her at imminent risk of physical, mental, or emotional harm due to the mother's untreated mental illness and acts of domestic violence in the child's presence.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court