Matter of Rayvin G. (Arlasha G.) (2025 NY Slip Op 02202)

Matter of Rayvin G. (Arlasha G.)

2025 NY Slip Op 02202

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09204
 (Docket No. N-10448-22)

[*1]In the Matter of Rayvin G. (Anonymous). Administration for Children's Services, respondent; Arlasha G. (Anonymous), appellant.

Linda C. Braunsberg, Staten Island, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (MacKenzie Fillow and Philip W. Young of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated August 29, 2023. The order of fact-finding and disposition, after a fact-finding and dispositional hearing, found that the mother neglected the subject child and directed that the subject child remain in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of fact-finding and disposition as directed that the child remain in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
On June 7, 2022, the Administration for Children's Services (hereinafter ACS) conducted an emergency removal of the subject child due to a domestic violence incident between the mother and her adult son that resulted in the child being injured. On June 9, 2022, ACS commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother suffered from a mental illness which impaired her ability to care for the child.
After a fact-finding and dispositional hearing, in an order of fact-finding and disposition dated August 29, 2023, the Family Court found that the mother neglected the child and directed that the child remain in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The mother appeals.
The appeal from so much of the order as directed that the child remain in the custody [*2]of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired by its own terms (see Matter of Luna O. [Eneudis T.O.], 232 AD3d 799, 800; Matter of Rivka A.P. [Dana P.], 226 AD3d 907, 908; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045).
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 916 [alteration and internal quotation marks omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). Although "evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056 [internal quotation marks omitted]). "Proof of a parent's ongoing mental illness and the failure to follow through with aftercare medication is a sufficient basis for a finding of neglect where such failure results in a parent's inability to care for [his or] her child in the foreseeable future" (Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161 [internal quotation marks omitted]). Furthermore, while "exposing a child to domestic violence is not presumptively neglectful" (Nicholson v Scoppetta, 3 NY3d 357, 375 [emphasis omitted]), "a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually placed in imminent danger or harm by reason of the failure of the parent or caretaker to exercise a minimal degree of care" (Matter of Meeya P. [Anthony C.], 167 AD3d 1018, 1019). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (Matter of Jayce C. [Lucinda J.], 224 AD3d at 917 [internal quotation marks omitted]).
Here, ACS established by a preponderance of the evidence that the mother neglected the child. ACS showed that the mother's largely untreated mental illness caused the child to be placed at imminent risk of harm because, among other things, while in the presence of the child, the mother had violent and inappropriate arguments with individuals who were not actually present (see Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1161; Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056). The evidence further demonstrated that the mother placed the child at imminent risk of harm when she instigated a domestic violence incident with her adult son that resulted in the child being injured (Matter of Meeya P. [Anthony C.], 167 AD3d at 1019).
Accordingly, the Family Court properly found that the mother neglected the child.
The mother's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court