Matter of Kamani K.L. (Jasmine D.Q.) (2025 NY Slip Op 03810)

Matter of Kamani K.L. (Jasmine D.Q.)

2025 NY Slip Op 03810

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-02850
 (Docket No. N-21244-23)

[*1]In the Matter of Kamani K. L. (Anonymous). Administration for Children's Services, respondent; Jasmine D. Q. (Anonymous), appellant.

Brooklyn Defender Services (Brian Holbrook and White & Case LLP, New York, NY [Sylvia Precht, Greg Starner, James R. Pezzullo, and Megan Scime], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Amy McCamphill of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated March 27, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by failing to provide him with proper supervision or guardianship in that the mother had a mental illness that impaired her ability to care for the child. Following a fact-finding hearing, the Family Court, inter alia, found that the mother neglected the child. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing by a preponderance of evidence that the subject child has been abused or neglected" (Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d 1160, 1161; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Caia N. [Terri N.], 231 AD3d 1033, 1034; see Matter of Wynter V. [Felitta V.], 230 AD3d 505, 506).
Here, ACS established by a preponderance of the evidence that the mother neglected the child. ACS's evidence demonstrated that the mother's largely untreated mental illness caused [*2]the child to be placed at imminent risk of harm, as the mother threatened another shelter resident with a knife while leaving the child, who had been diagnosed with autism and required close supervision, unattended in their shelter unit for at least 40 minutes. The episode resulted in a two-week involuntary hospitalization of the mother, during which she continued to display paranoid behavior and a lack of insight into her mental illness (see Matter of Wynter V. [Felitta V.], 230 AD3d at 506; Matter of Khaleef M.S.-P. [Khaleeda M.S.], 203 AD3d at 1161; Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056).
Contrary to the mother's contention, the shelter director's testimony as to what an unpreserved surveillance video showed did not violate the best evidence rule (see People v Jackson, 192 AD3d 15, 17-19; People v Wright, 160 AD3d 667, 669; see generally Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-645). Moreover, the shelter director's testimony regarding her observations of the video did not implicate the hearsay rule (see People v Finch, 160 AD3d 1212, 1214; see also People v Clark, 203 AD2d 935, 936).
The mother's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court